UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE WAYNE,

      Plaintiff,                    CIVIL ACTION NO. 13-CV-14495

vs.                              DISTRICT JUDGE LINDA V. PARKER

                                   MAGISTRATE JUDGE MONA K. MAJZOUB

DANIEL HEYNS, et al.

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ORDER AGAINST OAKS CORRECTIONAL FACILITY WARDEN CURTIN AND HER EMPLOYEES TO STOP RETALIATING [8] PLAINTIFF'S MOTION FOR COURT APPOINTED COUNSEL OR FOR COURT APPOINTED SPECIAL PSYCHIATRIST [11] AND PLAINTIFF'S MOTION TO STAY COUNTS I AND II FOR 180 DAYS [12]**

Plaintiff Terrance Wayne, currently a prisoner at the Marquette Branch Prison in Marquette, Michigan, has filed this action under 42 U.S.C. § 1983 against three individuals associated with the Michigan Department of Corrections (MDOC): (1) Daniel Heyns, Director of the MDOC; (2) Brad Purves, Food Service Program Manager for the MDOC; and (3) Lloyd Rapelje, Warden of the Saginaw Correctional Facility.[1] (Docket no. 1. at 6-7.) Plaintiff alleges that Defendants are denying him a "basic human need," (specifically, his right to a "healthy, safe, and adequate" diet) by providing only what Plaintiff calls "the Death Diet." (*See, e.g.*, *id.* at 13.) Plaintiff alleges that his claims arise under the Eighth Amendment, the Fourteenth Amendment, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act. (*Id.* at 16-22.) In a Report and

---

[1]At the time he filed his Complaint, Plaintiff was housed at the Saginaw Correctional Facility.

Recommendation entered on June 6, 2014, the undersigned recommended that the Court dismiss Plaintiff's claims with the exception of Plaintiff's Eighth Amendment claims against Defendants Heyns and Purves in their individual capacities and Plaintiff's Eighth Amendment claims for injunctive relief against Defendants Heyns and Purves. (Docket no. 22.) That report and recommendation is currently pending.

Before the Court are Plaintiff's Motion for Immediate Consideration for Order against Oaks Correctional Facility (ECF) Warden Curtin and Her Employees to Stop Retaliating Against Mentally Ill Disabled Plaintiff Wayne (docket no. 8), Plaintiff's Motion for Immediate Consideration Incorporated with Motion for Court Appointed Counsel or in the alternative For Court Appointed Special-Psychiatrist (docket no. 11), and Plaintiff's Motion for Immediate Consideration to Stay Counts I and II for 180 Days (docket no. 12). Defendants have not filed responses to any of Plaintiff's Motions. Plaintiff, however, filed an Affidavit in Support of his Motion for Appointment of Counsel or Court Appointed Psychiatrist. (Docket no. 24.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 7.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.   Background**

Plaintiff is a fifty-year-old prisoner who has spent more than half of his life in prison. (Docket no. 1 at 8.) Plaintiff contends that "[f]or over 40 years prior to 2010 the MDOC provided all its prisoners a State Wide '4' Cycle Menu," which Plaintiff alleges was nutritionally sound. (*Id.*) Plaintiff further contends that while he was incarcerated during this time, his "over-all health was good" and that he "maintained his physical, biological and psychological health through adequate,

effective and vigorous exercise routines on a daily basis . . . from the energy, stamina and nutrition provided by [these meals]." (*Id.* at 9.) Plaintiff asserts that "[g]oing into the year 2010, defendant Heyns . . . claimed a 'Budget Funding Crisis' [and] eliminated the . . . 4 Cycle Menu." (*Id.* at 10.) Thus, Plaintiff alleges, Defendants Heyns and Purves "created and enforced the new and current MDOC State Wide '2' Cycle Menu," which Plaintiff asserts contains little (if any) nutritional value and smaller portion sizes. (*Id.*) Specifically, Plaintiff asserts that the new menu consists of "unwholesome, inadequate, unnutritional, low caloric, low protein, vitamin deficient, poor quality, biologically damaging, physical sustenance deficient, unhealthy, and unsafe fare, processed and byproduct infused adolescent child size portioned foods." (*Id.* at 11.) Plaintiff notes, however, that the foods originally included in the 4 Cycle Menu are now available for purchase from an outside vendor. (*Id.* at 14.) Plaintiff asserts that his Eighth Amendment rights were violated where the "Death Diet" is "substantially a serious and life threatening risk of harm now and . . . in the near future." (*Id.* at 16.)

**II.    Analysis**

    **A.    Motion for Immediate Consideration for Order against Oaks Correctional Facility (ECF) Warden Curtin and Her Employees to Stop Retaliating Against Mentally Ill Disabled Plaintiff Wayne [8]**

Through his Motion, Plaintiff alleges that staff at the Oaks Correctional Facility are retaliating against him for filing his instant claims. (*See* docket no. 8.) While his Motion is difficult to read and interpret, it appears that he contends he has been denied stationery, photocopying, and access to some outgoing mail. (*Id.* at 1.) And he states that he is "trying to get help before [he] possibly end[s] up killing [him]self." (*Id.*) He further states that he is not being given his medication. (*Id*. at 2.) Thus, Plaintiff asks for an order prohibiting staff at the Oaks Correctional

Facility from engaging in any such retaliation. Regardless of whether Plaintiff can show that the staff at Oaks Correctional facility was engaging in this conduct, he is no longer incarcerated at Oaks Correctional Facility; Plaintiff is incarcerated at the Marquette Branch Prison in Marquette, Michigan. Therefore, the Court will deny Plaintiff's Motion with regard to this request as moot.

As a secondary matter, Plaintiff also asks that the Court mail a letter for him, appoint him an attorney or a psychiatrist, appoint someone to help Plaintiff prove that he is mentally disabled, and transfer Plaintiff to another facility. (*See* docket no. 8 at 2.) The Court will deny Plaintiff's request to send out his mail for him as the Court is not a postal service. The Court will also deny Plaintiff's request to transfer him to another facility because he has already been transferred to Marquette. The Court will address Plaintiff's requests for an attorney, a psychiatrist, or any other assistive individual as part of Plaintiff's Motion in Section II.B, *infra*. Therefore, Plaintiff's Motion will be denied in its entirety.

> B. **Plaintiff's Motion for Immediate Consideration Incorporated with Motion for Court Appointed Counsel or in the alternative For Court Appointed Special-Psychiatrist [11]**

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey,

4

Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'"). At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff. Plaintiff has adequately alleged the claims forming the basis of this lawsuit, and he his claims have partially survived Defendants' Motion to Dismiss, indicating his basic understanding of the legal process. Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied without prejudice.

With regard to Plaintiff's request for psychiatric assistance in the form of a court-appointed psychiatrist or an individual to help Plaintiff prove that he is mentally disabled, Plaintiff's affidavit in support of his Motion is enlightening. As Plaintiff notes, on June 6, 2014, Plaintiff was re-diagnosed "as suffering from Axis I Bipolar with Psychotic Features, Axis II Antisocial Personality Disorder, and Axis II Personality Disorder. (Docket no. 24.) Thus, Plaintiff does not require assistance in proving that he is mentally ill. Moreover, though, the Court notes that Plaintiff's diagnosis shows that he is oriented to person place, time and situation; his behavior is unremarkable; his speech and affect are appropriate; his memory is intact; his intellect is average; his attitude is cooperative; his self-perception is realistic; and his thoughts are logical. (Docket no. 24 at 3.) Plaintiff also acknowledged at his appointment that he was taking Zoloft, Tegritol, and Zyprexa and was, therefore, "stablized (sic)." (*Id.*) Thus, it appears that Plaintiff is currently getting the appropriate treatment for his mental conditions; the Court will deny his motion.

### C. Plaintiff's Motion for Immediate Consideration to Stay Counts I and II for 180 Days [12]

Through his Motion to Stay, Plaintiff requests that the Court stay Counts I and II of his Complaint for 180 days because the MDOC's new food service provider planned to replace the

menus at issue in this matter on or about December 8, 2013. (Docket no. 12 at 1.) Thus, Plaintiff asserts, he needs "at least 180 days . . . to document the new menu in order to add into and amend his Complaint." (*Id.*) Plaintiff's Motion requests a stay for 180 days beginning on or about December 8, 2013; thus, Plaintiff requests a stay though June 6, 2014. Plaintiff's Motion is now moot and will be denied. This denial of Plaintiff's Motion, however, will not preclude Plaintiff from filing a Motion to Amend or from withdrawing his Complaint after he has had time to document the new menu.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Immediate Consideration for Order against Oaks Correctional Facility (ECF) Warden Curtin and Her Employees to Stop Retaliating Against Mentally Ill Disabled Plaintiff Wayne [8] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Immediate Consideration Incorporated with Motion for Court Appointed Counsel or in the alternative For Court Appointed Special-Psychiatrist [11] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Immediate Consideration to Stay Counts I and II for 180 Days [12] is **DENIED** as moot.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: July 6, 2014            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Order was served upon Terrance Wayne and Counsel of Record on this date.

Dated: July 6, 2014            s/ Lisa C. Bartlett
                                           Case Manager